CLOSED

# U.S. District Court
## District of South Carolina (Florence)
## CRIMINAL DOCKET FOR CASE #: 4:12-cr-00518-RBH-1

Case title: USA v. Lamons

Date Filed: 06/26/2012
Date Terminated: 08/29/2013

Assigned to: Honorable R Bryan Harwell

*CR 14-103-RWR*

**Defendant (1)**

**Adam Lamons**
*TERMINATED: 08/29/2013*

represented by **William F Nettles , IV**
Federal Public Defender's Office
McMillan Federal Building
401 West Evans Street
Suite 105
Florence, SC 29503
843-662-1510
Fax: 843-667-1355
Email: bill_nettles@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**

18:111 - ASSAULTING/RESISTING
/IMPEDING OFFICERS/EMPLOYEES -
Defendant knowingly and intentionally did
forcibly assault a Federal Correctional
Officer while that person was engaged in
and on account of the performance of
official duties and did make physical
contact with said officer: in violation of
18:111(a)(1)
(1)

**Disposition**

Defendant is hereby committed to the
custody of the Bureau of Prisons to be
imprisoned for a term of 16 months. This
sentence is to run consecutive to the
sentence imposed in the District of
Columbia on Docket No. 2005FEL005928.
Remanded to Marshal. Court recommends
defendant serve his sentence at FMC
Devens. Upon release from imprisonment,
the defendant shall be on supervised
release for a term of 1 year. While on
supervised release, the defendant shall
comply with the mandatory and standard
conditions of supervision outlined in
18:3583(d) and the following special
conditions: 1. The defendant shall
satisfactorily participate in a substance

abuse treatment program, to include drug testing, as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved U.S. Probation Offices Sliding Scale for Services and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 2. The defendant shall satisfactorily participate in a mental health treatment program, to include anger management, as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved U.S. Probation Offices Sliding Scale for Services and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 3. The defendant shall participate in a Vocational Training Program as approved by the U.S. Probation Office. $100.00 special assessment due immediately

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| USA | represented by | **A Bradley Parham** |
| --- | --- | --- |
| | | US Attorneys Office (Flor) |
| | | PO Box 1567 |

Florence, SC 29503
843-665-6688
Fax: 843-678-8809
Email: brad.parham@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/2014 | 65 | **ORDER FOR ISSUANCE OF Arrest WARRANT as to Adam Lamons. Signed by Honorable R Bryan Harwell on 05/01/2014.(sste) (Entered: 05/01/2014)** |
| 05/01/2014 | 64 | PETITION/MOTION to Show Cause re Revocation of Supervised Release for Adam Lamons (1) on Count 1 (sste) (Entered: 05/01/2014) |
| 08/29/2013 | 59 | **JUDGMENT as to Adam Lamons (1), Count 1, Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 16 months. This sentence is to run consecutive to the sentence imposed in the District of Columbia on Docket No. 2005FEL005928. Remanded to Marshal. Court recommends defendant serve his sentence at FMC Devens. Upon release from imprisonment, the defendant shall be on supervised release for a term of 1 year. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18:3583(d) and the following special conditions: 1. The defendant shall satisfactorily participate in a substance abuse treatment program, to include drug testing, as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved U.S. Probation Offices Sliding Scale for Services and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 2. The defendant shall satisfactorily participate in a mental health treatment program, to include anger management, as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved U.S. Probation Offices Sliding Scale for Services and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 3. The defendant shall participate in a Vocational Training Program as approved by the U.S. Probation Office. $100.00 special assessment due immediately. Signed by Honorable R Bryan Harwell on 8/29/13.(mcam) (Entered: 08/29/2013)** |
| 08/29/2013 | 58 | WAIVER of Appeal by Adam Lamons (mcam) (Entered: 08/29/2013) |
| 08/29/2013 | 57 | **Minute Entry for proceedings held before Honorable R Bryan Harwell: Sentencing held on 8/29/2013 as to Adam Lamons; A. Bradley Parham, AUSA, present; William Nettles, IV, AFPD, present with defendant; defendant waives time period under Rule 32; a variance is appropriate. Court Reporter: Raymond Simmons.(mcam) (Entered: 08/29/2013)** |

| 08/26/2013 | 55 | NOTICE OF HEARING as to Adam Lamons; Sentencing set for 8/29/2013 03:00 PM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable R Bryan Harwell. (mcam) (Entered: 08/26/2013) |
|---|---|---|
| 08/26/2013 | 54 | GUILTY PLEA ENTERED as to Adam Lamons (mcam) (Entered: 08/26/2013) |
| 08/26/2013 | 53 | **Minute Entry for proceedings held before Honorable R Bryan Harwell: Change of Plea Hearing as to Adam Lamons held on 8/26/2013; Plea Agreement Accepted; Court accepts stipulated sentence; Adam Lamons (1) Guilty Count 1. Defendant remains in custody. Court Reporter: Raymond Simmons. (mcam)** (Entered: 08/26/2013) |
| 08/26/2013 | 52 | DELETION OF DOCKET ENTRY NUMBER 52 as to Adam Lamons Reason: duplicate filing Corrected Filing Document Number 51 Modified filing date to that of original filing: 8/26/13 (mcam) (Entered: 08/26/2013) |
| 08/26/2013 | 51 | **Minute Entry for proceedings held before Honorable R Bryan Harwell: Pretrial Conference as to Adam Lamons held on 8/26/2013; A. Bradley Parham, AUSA, present; William Nettles, IV, AFPD, present with defendant; defendant to plea after pretrial. Court Reporter: Raymond Simmons. (mcam)** (Entered: 08/26/2013) |
| 08/26/2013 | 50 | PLEA AGREEMENT as to Adam Lamons (Parham, A) (Entered: 08/26/2013) |
| 08/05/2013 | 49 | **TEXT ORDER as to Adam Lamons. The court spoke to Deputy Marshal Tessari regarding 48 text order. He indicated that it would be difficult for the BOP to transfer the defendant to a FMC such as Butner without him serving an active sentence or being ordered for an evaluation but that the defendant could be placed in a controlled environment in Florence. He further indicated that he would try to have him transported by August 16, 2013. IT IS THEREFORE ORDERED that the Marshal shall attempt to accomplish the above so that the defendant will have access to counsel and to avoid further health issues. Signed by Honorable R Bryan Harwell on 8/5/2013.(mwel, )** Modified text on 8/5/2013 to correct spelling (mcam). (Entered: 08/05/2013) |
| 08/01/2013 | 48 | **TEXT ORDER as to Adam Lamons; A pretrial conference has been scheduled in this case for Monday, August 26, 2013. The defendant shall be transported to FMC Butner in order to avoid further health issues and to provide access to counsel.By Honorable R Bryan Harwell on 8/1/13.(mcam)** (Entered: 08/01/2013) |
| 08/01/2013 | 47 | SCHEDULING NOTICE as to Adam Lamons; Motions must be filed by 8/12/2013 and will be heard on 8/26/13; Pretrial Conference set for 8/26/2013 10:00 AM; Pleas will be taken on 8/27/13 9:30 AM; Jury Selection set for 8/29/2013 09:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable R Bryan Harwell. (mcam) (Entered: 08/01/2013) |
| 07/25/2013 | 46 | **TEXT ORDER as to Adam Lamons. Counsel shall consult and contact chambers regarding the current forensic evaluation. Signed by Honorable R Bryan Harwell on 7/25/2013.(mwel, )** (Entered: 07/25/2013) |

| 07/24/2013 | 45 | Psychiatric Report Received (Sealed) as to Adam Lamons. Filed per direction of the Court. (mcam) (Entered: 07/24/2013) |
| 05/30/2013 | 43 | ***DOCUMENT MAILED as to Adam Lamons re 42 TEXT Order placed in U.S. Mail to Dr. Miriam Kissin, Federal Medical Center Devens, Post Office Box 880, Ayer, MA 01432 (sste ) (Entered: 05/30/2013) |
| 05/30/2013 | 42 | **TEXT ORDER as to Adam Lamons: The Court received a call from staff at Devens Federal Medical Center advising that, since this was an evaluation for competency restoration, they do not normally send inmates back to the district until the Court contacts them for a hearing. Assuming the defendant has been restored to competency, the Court again requests and reiterates its prior order of July 30, 2012 and referred to on page 2 of the November 19, 2012 Forensic Report, requesting BOTH an evaluation for present competency to stand trial AND evaluation of his sanity at the time of the offense. The evaluation should be concluded within 45 days. In the event more time is needed, the Court should be contacted. IT IS SO ORDERED. Signed by Honorable R Bryan Harwell on 5/30/2013.(mwel, ) (Entered: 05/30/2013)** |
| 02/20/2013 | 41 | Letter of Warden as to Adam Lamons in re: evaluation, study complete by 5/30/13, Court may expect a final copy of forensic evaluation within 3 weeks of that notification. Filed per direction of the Court. (Attachments: # 1 Envelope) (mcam) (Entered: 02/20/2013) |
| 01/28/2013 | 40 | **CONSENT ORDER as to Adam Lamons; defendant remain committed for an additional period not to exceed 120 days without further order of this Court; 18 U.S.C. 4241(d)(2)(A). Expedited basis. Time excluded under 18:3161(h)(1)(A). Signed by Honorable R Bryan Harwell on 1/28/13.(mcam) (Entered: 01/28/2013)** |
| 12/05/2012 | 39 | ***DOCUMENT E-MAILED as to Adam Lamons re 37 Psychiatric Report to Brad Parham, AUSA and William Nettles, IV, AFPD (mcam) (Entered: 12/05/2012) |
| 12/05/2012 | 38 | **TEXT ORDER as to Adam Lamons; Psychiatric Report has been filed; both counsel shall confer and contact chambers regarding the defendant and any need for a competency hearing or transporting of the defendant.Signed by Honorable R Bryan Harwell on 12/5/12.(mcam) (Entered: 12/05/2012)** |
| 12/05/2012 | 37 | Psychiatric Report Received (Sealed) as to Adam Lamons (mcam) (Entered: 12/05/2012) |
| 12/03/2012 | 36 | ***DOCUMENT MAILED as to Adam Lamons re 35 Pleadings/Documents placed in U.S. Mail to Adam Lemons, #30980-007, Federal Medical Center Devens, Post Office Box 879, Ayer, MA 01432 (sste) (Entered: 12/03/2012) |
| 12/03/2012 | 35 | Pleadings/Documents from Adam Lamons (Attachments: # 1 Envelope)(sste ) (Entered: 12/03/2012) |

| 11/15/2012 | 34 | ***DOCUMENT MAILED as to Adam Lamons re 32 TEXT Order, placed in U.S. Mail to Federal Bureau of Prisons, Federal Medical Center - Devens, Attention: Jennifer Gaucher, Psychology Services, Post Office Box 880, Ayer, MA 01432 AND FAXED TO: (978)796-1010, (sste ) (Entered: 11/15/2012) |
|---|---|---|
| 11/14/2012 | 32 | **TEXT ORDER as to Adam Lamons. The Court has conferred with both counsel, and they have agreed that the defendant should not be transported back to the district until further order of the Court. Upon receipt of the psychiatric report, both counsel shall confer and contact chambers regarding the defendant and any need for a competency hearing or transporting of the defendant. Signed by Honorable R Bryan Harwell on 11/14/2012.**(mwel, ) (Entered: 11/14/2012) |
| 10/03/2012 | 28 | Letter of J. Grondolsky, Warden, as to Adam Lamons in re: evaluation, study to be complete by 10/29/12. Filed per direction of the Court. (mcam) (Entered: 10/03/2012) |
| 08/29/2012 | 27 | Letter as to Adam Lamons in re: requesting new counsel, being denied medical attention (Attachments: # 1 Supporting Documents, # 2 Envelope)(mcam) (Entered: 08/29/2012) |
| 08/24/2012 | 26 | **PROTECTIVE ORDER as to Adam Lamons. Signed by Honorable R Bryan Harwell on 8/24/12.**(mcam) (Entered: 08/24/2012) |
| 08/24/2012 | 25 | **DISCLOSURE ORDER granting 24 Motion for Disclosure Order as to Adam Lamons (1). Signed by Honorable R Bryan Harwell on 8/24/12.**(mcam) Modified on 8/24/2012 to correct spelling (mcam). (Entered: 08/24/2012) |
| 08/23/2012 | 24 | MOTION for Disclosure *Order* by USA as to Adam Lamons. Proposed order is being emailed to chambers with copy to opposing counsel(Parham, A) (Entered: 08/23/2012) |
| 08/21/2012 | 23 | Case Reassigned as to Adam Lamons to Judge Honorable R Bryan Harwell. Judge Unassigned - CRI no longer assigned to the case. (pcas, ) (Entered: 08/21/2012) |
| 07/31/2012 | 22 | Letter from Adam Lamons in re: constitutional rights (Attachments: # 1 Envelope)(swel, ) (Entered: 07/31/2012) |
| 07/30/2012 | 21 | **ORDER granting 13 Motion for Psychiatric Exam as to Adam Lamons (1). Signed by Magistrate Judge Thomas E Rogers, III on 7/30/12.**(swel, ) (Entered: 07/30/2012) |
| 07/23/2012 | 20 | Warrant Returned Executed on 07/23/2012 in case as to Adam Lamons. (tmayo-USMS, ) (Entered: 07/23/2012) |
| 07/23/2012 | 18 | CJA 23 Financial Affidavit (Restricted Access) by Adam Lamons (swel, ) (Entered: 07/23/2012) |
| 07/23/2012 | 17 | **ORDER OF DETENTION as to Adam Lamons. Signed by Magistrate Judge Thomas E Rogers, III on 7/23/12.**(swel, ) (Entered: 07/23/2012) |
| 07/23/2012 | 16 | Not Guilty PLEA ENTERED as to Adam Lamons (swel, ) (Entered: 07/23/2012) |

| 07/23/2012 | 15 | Minute Entry for proceedings held before Magistrate Judge Thomas E Rogers, III: Arraignment as to Adam Lamons (1) Count 1 held on 7/23/2012. Brad Parham present for USA. Defendant present in custody and represented by James Rogers, AFPD. Defendant indicated he understood charges and penalties but declined to sign not guilty plea slip. Court directed that a NG plea be entered on his behalf. No request for detention hearing at this time. Court Reporter Raymond Simmons. (swel, ) (Entered: 07/23/2012) |
| 07/23/2012 | 14 | Arrest of Adam Lamons. Clerk notified by: USM. (swel, ) Modified on 7/24/2012 (swel, ). (Entered: 07/23/2012) |
| 07/23/2012 | 13 | MOTION for Psychiatric Exam by Adam Lamons. Proposed order is being emailed to chambers with copy to opposing counsel(Nettles, William) (Entered: 07/23/2012) |
| 07/23/2012 | 12 | MOTION for Discovery *(Reciprocal)* by USA as to Adam Lamons. No proposed order(Parham, A) (Entered: 07/23/2012) |
| 07/20/2012 | 11 | MOTION for Disclosure *of Intention to Use Evidence* by Adam Lamons. No proposed order(Nettles, William) (Entered: 07/20/2012) |
| 07/20/2012 | 10 | MOTION for Discovery *And Inspection* by Adam Lamons. No proposed order(Nettles, William) (Entered: 07/20/2012) |
| 07/20/2012 | 9 | MOTION for Disclosure *of Evidence Under 404(B)* by Adam Lamons. No proposed order(Nettles, William) (Entered: 07/20/2012) |
| 07/17/2012 | 8 | **ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Adam Lamons. Signed by Magistrate Judge Thomas E Rogers, III on 7/17/12.(swel, ) (Entered: 07/18/2012)** |
| 07/17/2012 | 7 | NOTICE OF HEARING as to Adam Lamons Arraignment set for 7/23/2012 02:30 PM in Florence #3, McMillan Federal Bldg., 401 W. Evans St., Florence before Magistrate Judge Thomas E Rogers III. (swel, ) (Entered: 07/17/2012) |
| 06/26/2012 | 5 | **ORDER FOR ISSUANCE OF WARRANT as to Adam Lamons. Signed by Magistrate Judge Thomas E Rogers, III on 6/26/12.(swel, ) (Entered: 06/26/2012)** |
| 06/26/2012 | 2 | INDICTMENT (Sealed Grand Jury Ballot attached) as to Adam Lamons (1) count(s) 1. (Attachments: # 1 Grand Jury Ballot) (swel, ) (Entered: 06/26/2012) |

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 4:12- 5 1 8 |
| | )    18 U.S.C. § 111(a)(1) |
| vs. | ) INDICTMENT **RECEIVED** |
| | ) |
| **ADAM LAMONS** | ) JUN 2 6 2012 |

LARRY W. PROPES, CLERK
FLORENCE, SC

## COUNT 1

**THE GRAND JURY CHARGES:**

That on or about January 12, 2011, in the District of South Carolina, the Defendant, **ADAM**

**LAMONS**, knowingly and intentionally did forcibly assault a Federal Correctional Officer, a person

designated in Title 18, United States Code, Section 1114, while that person was engaged in and on

account of the performance of official duties, and in the commission of such conduct did make

physical contact with said Correctional Officer;

In violation of Title 18, United States Code, Section 111(a)(1) .

A ___TRUE___ BILL

████████████████████████
████████████████████████
████████████████████████

FOREPERSON

WILLIAM N. NETTLES   (ABP)
UNITED STATES ATTORNEY

## U. S. vs.  ADAM LAMONS

## PENALTIES

### COUNT 1:
MAXIMUM FINE: $ 250,000.00  (18 USC 3571)
MAXIMUM IMPRISONMENT: 8 YEARS
SUPERVISED RELEASE:  3  YEARS (18 USC 3583)
SPECIAL ASSESSMENT:  $ 100.00
(18 USC 3013)

AO 245B (SCDC Rev 09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|

vs.

Case Number: **4:12CR00518-RBH (1)**

**ADAM LAMONS**

USM Number: <u>30980-007</u>

<u>WILLIAM NETTLES, IV, AFPD</u>
Defendant's Attorney

**THE DEFENDANT:**

■ pleaded guilty to count <u>one (1) on August 26, 2013</u>.
☐ pleaded nolo contendere to count(s) _____which was accepted by the court.
☐ was found guilty on count(s) _____after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:111(a)(1) | Please see indictment | 01/12/11 | 1 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____.
☐ Count(s) __ ☐ is ☐are     dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

August 29, 2013
Date of Imposition of Judgment

s/ R. Bryan Harwell
Signature of Judge

Hon. R. Bryan Harwell, U.S. District Judge
Name and Title of Judge

August 29, 2013
Date

AO 245B (SCDC Rev 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2

DEFENDANT: ADAM LAMONS
CASE NUMBER: 4:12CR00518-RBH (1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **sixteen (16) months**. This sentence is to run <u>consecutive</u> to the sentence imposed in the District of Columbia on Docket No. 2005FEL005928.

■ The court makes the following recommendations to the Bureau of Prisons: defendant serve his sentence at FMC Devens

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
☐ at _____ ☐ a.m. ☐ p.m. on _____.
☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before 2 p.m. on _____.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____
at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev 09/11) Judgment in a Criminal Case

DEFENDANT: ADAM LAMONS
CASE NUMBER: 4:12CR00518-RBH (1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **one (1) year.**

While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. 3583(d) and the following special conditions: (SEE PAGE 4)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime

The defendant shall not unlawfully possess a controlled substance  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable )*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable )*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable )*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable )*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev  09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Page 4

DEFENDANT: ADAM LAMONS
CASE NUMBER: 4:12CR00518-RBH (1)

## SUPERVISED RELEASE

Special conditions:

1. The defendant shall satisfactorily participate in a substance abuse treatment program, to include drug testing, as approved by the U.S. Probation Office.  The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services" and shall cooperate in securing any applicable third-party payment, such as insurance or "Medicaid".

2. The defendant shall satisfactorily participate in a mental health treatment program, to include anger management, as approved by the U.S. Probation Office.  The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services" and shall cooperate in securing any applicable third-party payment, such as insurance or "Medicaid".

3. The defendant shall participate in a Vocational Training Program as approved by the U.S. Probation Office.

AO 245B (SCDC Rev 09/11) Judgment in a Criminal Case
Sheet 4 - Criminal Monetary Penalties

Page 5

DEFENDANT: ADAM LAMONS
CASE NUMBER: 4:12CR00518-RBH (1)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 100.00** | | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐ The interest requirement is waived for the ☐ fine ☐ restitution.
    ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (SCDC Rev 9/11) Judgment in a Criminal Case
Sheet 5 - Schedule of Payments

Page 6

DEFENDANT: ADAM LAMONS
CASE NUMBER: 4:12CR00518-RBH (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of $ 100.00(special assessment) due immediately, balance due

    ☐  not later than _____ , or

    ☐  in accordance with  ☐ C,  ☐ D, or  ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____(weekly, monthly, quarterly) installments of $_____over a period of _____(e.g.,
    months or years), to commence _____  *(30 or 60 days)*  after the date of this judgment; or

D  ☐  Payment in equal _____(weekly, monthly, quarterly) installments of $_____over a period of _____
    _____(e.g., months or years), to commence _____  *(30 or 60 days)* after release from imprisonment to a term of
    supervision; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The
    court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due
during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.



☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.